# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-668
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| V.R, *by her mother* | \* | Filed: November 24, 2014 |
| EVGENIYA KIM, | \* | |
| | \* | |
| Petitioner, | \* | Petitioner's Motion for a Decision |
| v. | \* | Dismissing the Petition; Vaccine Act |
| | \* | Entitlement; Denial Without Hearing |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Edward David*, Edward David & Associates, LLC, Roseland, NJ, for Petitioner.

*Ann Martin*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## DECISION DISMISSING CASE[1]

On October 4, 2010, Evgeniya Kim filed a petition on behalf of V.R., her minor child, seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petitioner alleged that V.R. suffered from B. pertussis infection which left her in a permanent coma, with brain damage and in an unresponsive state, and would never permit her to develop normally as a result of receiving the DTAP, POLIO, HIB, HBV, and PCV7 vaccinations on July 28, 2009.

---

[1] Because this decision contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

During a status conference in this case that was held on September 23, 2014, the parties discussed the Petitioner's potential difficulty in proceeding further with this case. Order (ECF No. 69). The matter was stayed in April 2013 pending resolution of a criminal case involving V.R.'s father (Evgeniya Kim's spouse) who was appealing his conviction, following a guilty plea, for second-degree aggravated assault in connection with V.R.'s injuries. In light of the recent disposition of that appeal (on June 10, 2014), affirming the conviction and remanding the case for resentencing, Petitioner requested some time to confer with Respondent in deciding whether she would withdraw her case. Order (ECF No. 69). She has now done so. Motion for a Decision Dismissing Petition (ECF No. 70). The motion indicates that "[a]n investigation of the facts and science supporting her case has demonstrated to [P]etitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *Id*. at 1. That motion also indicated that Respondent was notified it in advance of filing and expressed no opposition to the motion. *Id.* at 1-2.

To receive compensation under the Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that V.R. suffered a "Table Injury." Further, the record does not contain any persuasive evidence establishing that the alleged injury that V.R. experienced could have been caused by the vaccinations received, and the related criminal action suggests more likely causes for V.R.'s injuries and subsequent death.

Under the Vaccine Act, a petitioner may not receive a Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master